Media Benjamin (SBN 236953)
mbenjamin@dt-law.com
Geoffrey D. Farnham (*Pro Hac Pending*)
gfarnham@dt-law.com
Joshua Arnkoff (*Pro Hac Pending*)
jarnkoff@dt-law.com
**DENENBERG TUFFLEY PLLC**
10940 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
Telephone:   (310) 356-4683
Facsimile:   (310) 284-9089

Attorneys for Plaintiffs
MARKEL AMERICAN INSURANCE
COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, as subrogee of RXO, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>CNA FREIGHT, INC.,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**I. Negligence/Carrier Liability Under the Carmack Amendment, 49 USCS § 14706** |

NOW COMES Plaintiff, MARKEL AMERICAN INSURANCE, as subrogee of its insured RXO, Inc., and alleges as follows against Defendant CNA FREIGHT, LLC:

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Markel American Insurance Company ("Markel") is a Virginia Corporation with its principal place of business located in Glen Allen, Virginia.

1

COMPLAINT

2.      Markel's insured, RXO, Inc., ("RXO") is a freight broker that offers truck brokerage services including managed transportation, freight forwarding, and last-mile delivery services. RXO facilitates the shipment and delivery of goods using independent freight carriers.

3.      Defendant, CNA Freight, LLC ("CNA") is a freight carrier organized under the laws of the State of California, with its principal place of business in Rancho Cucamonga, California. Its address is 10808 6th Street, Rancho Cucamonga, California 91730.

4.      This action arises from CNA's receipt, custody, transportation, and delivery of a load of lithium-ion batteries from Panasonic Energy that was picked up in Kent, Washington and delivered in Sparks, Nevada.

5.      The court has subject-matter jurisdiction under 28 U.S.C. § 1337(a) because this action arises under an Act of Congress regulating interstate commerce, specifically the Carmack Amendment, 49 U.S.C. § 14706, and the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest of costs.

6.      Pursuant to 49 U.S.C. § 14706(d)(3), "A civil action under this section may be brought in a United States district court or in a State court."

7.      Venue is proper in this District under 49 U.S.C. § 14706(d) because CNA is a delivering carrier and operates in this District.

2

COMPLAINT

8. Assignment to the Eastern Division of the Central District of California is proper because CNA's principal place of business is in Riverside County.

**GENERAL ALLEGATIONS**

9. Upon information and belief, Panasonic Energy, as shipper and owner of the cargo, tendered lithium-ion batteries for interstate shipment from Washington to Nevada.

10. The shipment moved in interstate commerce under shipping documents including a bill of lading, rate confirmation, and a broker-carrier agreement.

11. RXO brokered the subject load to CNA, and CNA accepted the load as the motor carrier responsible for the pickup, custody, transportation, and delivery of the cargo.

12. The applicable rate confirmation and broker-carrier agreement required CNA and its driver to verify the load and count, inspect for visible damage or concerns, seal the trailer, and transport the cargo safely and securely to its destination.

13. The cargo was delivered to CNA in good order and condition, and/or CNA accepted the cargo without noting any exception, visible damage, shortage, defect, or concern on the applicable shipping documents.

14. Upon information and belief, CNA had the opportunity and obligation to identify and report any visible damage, inadequate packaging, improper

3

COMPLAINT

securement, or other condition that would make the shipment unsuitable for normal transportation.

15.    CNA transported the cargo from Washington to Nevada.

16.    Upon delivery, the receiving party inspected the cargo and discovered that it was damaged.

17.    The damage was documented by inspection, photographs, loss documentation, claim materials, invoices, and other records reflecting damage to the cargo upon delivery.

18.    The damage resulted in a cargo loss totaling $169,347.60, or another amount to be proven at trial.

19.    At all relevant times, Markel issued a policy of insurance to RXO that provided coverage for cargo loss and/or damage, subject to the terms, conditions, limits, and deductible of the policy.

20.    RXO submitted a claim to Markel for the coverage cargo loss.

21.    Markel paid RXO for the covered loss alleged below in the amount of $119,347.20, representing the claimed cargo loss less the Insureds $50,000 deductible, and thereby became contractually subrogated to the rights of RXO to the extent of that payment, including, to the extent applicable, any rights RXO held by contract, assignment, equitable subrogation, or under the applicable transportation documents and bill of lading.

4

COMPLAINT

22.    RXO arranged for the transportation of the cargo at issue in this action and brokered the load to CNA for motor-carrier transportation.

23.    At all relevant times, CNA held itself out as qualified and competent to transport cargo by motor vehicle for compensation in interstate commerce.

24.    Markel and/or its representatives presented a claim to CNA and CNA's insurer seeking recovery for the cargo damage; however, CNA's liability carrier disavowed the claim.

25.    The Motor Carrier Transportation Agreement contains a "Blocking and Bracing" provision that makes CNA responsible for ensuring that the cargo is properly blocked, braced, and loaded.

26.    As a direct and proximate result of CNA's acts, omissions, transportation, custody, handling, and delivery of the cargo, Markel sustained damages in an amount of $119,347.20, less the Insureds $50,000 deductible.

## COUNT I – NEGLIGENCE / CARRIER LIABILITY UNDER THE CARMACK AMENDMENT
### (49 U.S.C. § 14706)

27.    Plaintiff incorporates all preceding paragraphs as if fully stated herein.

28.    To establish a prima facie case for carrier liability under the Carmack Amendment, a plaintiff must prove three elements:

a.    The goods were delivered to the carrier in good condition.

b.    The goods arrived at the destination in a damaged or deficient condition; and

5

COMPLAINT

c. The amount of damages suffered because of the loss or damage to the goods.

These elements, when established, create a rebuttable presumption of carrier liability, shifting the burden to the carrier to show both that it was free from negligence and that the damage was caused solely by an excepted cause such as an act of God, public enemy, act of the shipper, public authority, or the inherent vice or nature of the goods.

29.    At all relevant times, CNA was a motor carrier providing transportation service subject to the Carmack Amendment, 49 U.S.C. § 14706.

30.    RXO arranged for the transportation of the cargo at issue in this action and brokered the load to CNA for motor-carrier transportation.

31.    CNA received, accepted, transported, and delivered the cargo at issue in interstate commerce.

32.    Under 49 U.S.C. § 14706, CNA is liable for the actual injury to the cargo because CNA received, transported, and delivered the shipment as a motor carrier in interstate commerce.

33.    The cargo was delivered to CNA, and it was accepted without CNA noting any damage, defect, or improper securement.

34.    The cargo arrived at its destination in damaged condition.

35.    The amount of damages is established by the loss documentation, invoices, claim materials, and payment records.

6

COMPLAINT

36.    To the extent negligence must be shown, CNA owed duties to exercise reasonable care in receiving, inspecting, securing, sealing, handling, transporting, and delivering the cargo, and also to comply with the applicable transportation documents, broker-carrier agreement rate confirmation, and standard operating procedures.

37.    CNA breached those duties by failing to:

a.  properly inspect the trailer and cargo;

b.  identify and report visible damage or inadequate securement;

c.  ensure the cargo was fit for normal transportation;

d.  seal the shipment;

e.  transport the cargo without causing damage;

f.  provide records necessary to substantiate its claim that no-in transit incident occurred; and

g.  committed any other acts or omissions that may become known through the course of discovery.

38.    The damage resulted in a cargo loss totaling $169,347.60, or another amount to be proven at trial.

39.    At all relevant times, Markel issued a policy of insurance to RXO that provided coverage for cargo loss and/or damage, subject to the terms, conditions, limits, and deductible of the policy.

7

COMPLAINT

40.    RXO submitted a claim to Markel for the coverage cargo loss.

41.    Markel paid RXO for the covered loss alleged below in the amount of $119,347.20, representing the claimed cargo loss less the Insureds $50,000 deductible, and thereby became contractually subrogated to the rights of RXO to the extent of that payment. Including, to the extent applicable, any rights RXO held by contract, assignment, equitable subrogation, or under the applicable transportation documents and bill of lading.

42.    As a direct and proximate result of CNA's liability, negligence, acts, and/or omissions, Markel suffered damages.

43.    Markel is entitled to recover the actual loss or injury to the property, together with all recoverable interest, costs, and any other relief permitted by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgement be entered in its favor and against Defendant, and that Plaintiff be awarded the following relief:

1.    For actual damages permitted under the Carmack Amendment, including $119,347.20 (total loss minus RXO's deductible) paid by Markel to the benefit of RXO, its insured;

/ / /

/ / /

/ / /

/ / /

8

COMPLAINT

2.    For an award of costs, expenses, pre- and post-judgment interest; and

3.    Any further relief that this Court deems just and proper.

Dated:  July 29, 2026                **DENENBERG TUFFLEY, PLLC**

By:    _____/s/ Media Benjamin_____
Media Benjamin
Geoffrey D. Farnham (*Pro Hac Pending*)
Joshua Arnkoff (*Pro Hac Pending*)
Attorneys for Plaintiff
MARKEL AMERICAN INSURANCE
COMPANY

9

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable

Dated:  July 29, 2026                         **DENENBERG TUFFLEY, PLLC**


                                    By:      /s/ Media Benjamin
                                             Media Benjamin
                                             Geoffrey D. Farnham (Pro Hac Pending)
                                             Joshua Arnkoff (Pro Hac Pending)
                                             Attorneys for Plaintiff
                                             MARKEL AMERICAN INSURANCE
                                             COMPANY

10

COMPLAINT